Judge Marvin
delivered a dissenting opinion as follows:
I agree with the result reached in the two mandamus ■cases; but I have not been able to agree with my associates in the injunction case. The Federal Plan Law, it seems to ■me, undertook to, and, I think, did provide a plan of government for the city of Cleveland, and a means of letting contracts by the city of Cleveland. If it be true that the director of public works of the city of Cleveland has all the authority that the trustees of waterworks have under the general statute, then it would seem to follow that the contract in a case like this must be let by the director of public ■works. Section 2415 of the statute provides that the trustees of waterworks may make contracts. Now, so far as I have understood this case, it has not been claimed that the director of public works could have let this contract. The •city authorities do not seem to have acted on that idea; and it was awarded by the council.
It must be conceded that as to the course to be pursued in a ease like this the legislation is not plain. Section 76 ■of the Federal Plan Law provides:
“When the corporation makes an improvement or repair, •or purchases any supplies, the cost of which will exceed $500, it shall proceed as follows:
"‘Then follows the various sub-divisions of the section, No. 6 being as follows:
“None but the lowest and best responsible bid shall be *532 accepted when such bids are for labor and material separately, but the council may, at its discretion, reject all the bids or accept any bid which may be the lowest aggregate cost, when recommended by the board of control.”
Now, it is conceded that it is not plain as to what is to be done, except where the bids are to be separate- — -for different things to be furnished or done. This subdivision, as has been said in the opinion already delivered, is substantially like section 794 of the statute. That section is construed, in the main, with section 799, in 39 Ohio. St, Reports, where Judge Doyle delivered the opinion. In that case Judge Doyle took occasion at least twice in the opinion to say that the court does not undertake to say, under the language, that the contract is to be let to the lowest and best bidder, whether there is a greater discretion than where it is to be let to the lowest bidder. But pursuing the matter for a moment further as to whether the contract is to be awarded by the council or director of public works, As I have said, the council seems to have proceeded upon the idea that it was to be awarded by the council; and I believe that that was the intention of the federal plan and of this subdivision 6 of the statute, although the language is not plain, and there is no other provision, so far as I know, and I have looked with some, care, for the letting of contracts. Now, that being so, if this contract is to be let under that statute, it must be either let to the lowest and best responsible bidder-, or to the lowest responsible bidder. My own opinion is that in no event can the contract be let to any but the lowest bidder; and if he is not the best bidder, the council may reject the bids and again advertise. I think the whole spirit of the statute requiring competitive bidding is in accordance with that view.
The only general statute which provides for letting to the lowest and best bidder is section®794, and, as I have said, the supreme court, in the^ case to which I have called at *533 tention, where the decision was made by Judge Doyle, expressly avoided determining whether there may be a letting of the contract to other than the lowest bidder.
Under section 2419, which has been constructed by the Circuit Court of Hamilton county, to which attention has been called in the opinion already delivered, the discretion is plainly left with the public authorities; because that provides that the contract shall be let to the lowest bidder if in their opinion he can be depended on to do the work with -ability, promptness and fidelity; and if such is not the case, the. contract may be let to the next lowest bidder. There is clearly a discretion left. There is a discretion left under my construction of this statute, subdivision 6 of section 76. If in the judgment of the authorities - the lowest bidder is not the best bidder,they may reject all bids. Now, to illustrate the difficulty that I think comes from taking any other view — the object of the statute being to secure the benefit of competitive bidding — Lake this case: The answer, among other things, says that the pump, with the appurtenances, that the E. P.Allis Co, propose to furnish, weights 100 tons more than the one that the Holly Co. proposes to furnish. But it does not follow that because the E. P. Allis Co. will furnish the apparatus desired for $64,000, weighing so much more than the one that the Holly Co. propose to furnish, that the Holly Co., if it had the opportunity to bid for an apparatus of this additional weight, would not still be the lowest bidder. There has been no opportunity, so far as appears in this case, for anybody to bid on a pump that should weigh the additional 100 tons; and it would seem to me that, the course to be pursued would be to reject all these bids and advertise again. If it is desirable that the pump and its appurtenances shall weigh 100 tons more than it is said the Holly Co. apparatus weighs, let the advertisement indicate the weight the apparatus shall have — that it shall not be less than a given amount. It seems to me that it is *534 in direct violation of the spirit of the statute to say that a contract may be let to a bidder not the lowest, who is a responsible bidder and who complied with the conditions of the notice; and in my judgment, in a case like this, where the separate parts are not to be bid for separately, it must be Jet to the lowest bidder or not let at all. Then there is subdivision 8 under this section:
“If two or more bids are equal for the whole or any part of the work, but are lower than any others, either may be accepted, but in no case shall the work be divided between them. ”
It, therefore, seems to have been the intention of the legislation to let these contracts to the lowest bidder who can conform to all the requirements, and who is responsible and will give the proper bond.
Now, without stopping to give any others, these are some of the reasons for dissenting from the opinion of the majority of the court in the case brought by McClain for an injunction.